# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# WHEELING

**KAREN HARRIS,**

        **Plaintiff,**

        **v.**                            **CIVIL ACTION NO. 5:12-CV-118**
                                                    **(Bailey)**

**CHANGE, INC.,**

        **Defendant.**

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

The above-styled matter came before the Court for consideration of the Defendant's Motion for Summary Judgment [Doc. 57] and attached Memorandum in Support, filed on August 30, 2013. The defendant moves for summary judgment against all claims asserted by the plaintiff in her Complaint [Id. at 1].[1] On September 20, 2013, the plaintiff filed a Response [Doc. 65]. On September 30, 2013, the defendant filed a Reply [Doc. 66]. Having been fully briefed on the matter by the parties, this matter is now ripe for review. For the following reasons, this Court will GRANT the Defendant's Motion for Summary Judgment [Doc. 57].

## BACKGROUND

On July 25, 2012, the plaintiff Karen Harris filed a Complaint with this Court [Doc. 1]. The plaintiff attached a form, detailing her claims of employment discrimination based

---

[1] The plaintiff filed a Motion to Amend Complaint [Doc. 34] on January 31, 2013. The Motion was granted by this Court on February 1, 2013 [Doc. 36]. The motion amended only the amount of damages requested and the request for injunctive relief. The Motion for Summary Judgment does not address the amended complaint.

on her race. The plaintiff claimed that she applied multiple times for positions, including volunteer positions, with the defendant Change, Inc. [Doc. 1-1 at 3–4]. She alleges that she and other African Americans were unable to obtain employment in an office setting or as bus drivers despite being "well qualified." [Id.].

On August 17, 2012, the defendant filed a Motion to Dismiss all claims [Doc. 8], on the ground that the plaintiff failed to state a claim. The Court denied the motion on October 16, 2012, noting that filings by a *pro se* plaintiff are liberally construed [Doc. 13 at 3–4].

The plaintiff filed a letter motion on January 31, 2013, seeking to "plead . . . punitive and mental damages" [Doc. 34]. The plaintiff requested $30 million in damages, and for the defendant to cease its discriminatory practices [Id.].

The defendant moved for mediation on August 16, 2013 [Doc. 52]. The Court ordered mediation [Doc. 53], which occurred on September 12, 2013, but the issues remained unresolved [Doc. 58]. The defendant moved for summary judgment on August 30, 2013 [Doc. 57]. The plaintiff responded on September 20, 2013 [Doc. 65], and the defendant replied on October 2, 2013 [Doc. 67].

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see* **Celotex Corp. v. Catrett**, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." **Anderson v. Liberty Lobby, Inc.**, 477

U.S. 242, 250 (1986).  Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party."  *Id.* at 250.

The party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts."  ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986).  That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial.  Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323-25; ***Anderson***, 477 U.S. at 248.  "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  ***Anderson***, 477 U.S. at 249 (citations omitted).

## II. <u>Analysis</u>

In its motion, the defendant argues that the plaintiff's Complaint should be dismissed because the plaintiff has not developed sufficient evidence to establish a *prima facie* case of discrimination, has not provided sufficient evidence that the defendant discriminated against her in any way, and has alleged discrimination that is not actionable against the defendant [Doc. 57].

### A. Plaintiff Has Not Established a *Prima Facie* Case of Discrimination

The plaintiff asserts racial discrimination.  Although not specifically stated as such, the plaintiff's claims appear to assert claims against the defendant pursuant to Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(c) *et. seq.*

In order to establish a *prima facie* case of discriminatory hiring under Title VII, a

plaintiff must show that: "(1) [s]he is a member of a protected group; (2) [s]he applied for the position in question; (3) [s]he was qualified for the position; and (4) [s]he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination." ***Brown v. McLean***, 159 F.3d 898, 902 (4th Cir. 1998). Upon such a showing, the burden shifts to the defendant to advance a legitimate, nondiscriminatory reason for the adverse employment action. See ***Texas Dep't of Cmty. Affairs v. Burdine***, 450 U.S. 248, 254 (1981). The plaintiff has the burden of proving by the preponderance of the evidence a *prima facie* case of discrimination. *Id.* at 252–53. Viewing the evidence in the light most favorable to the plaintiff, the plaintiff is unable to establish a *prima facie* case of discrimination and therefore the motion for summary judgment must be granted.

It is undisputed that the plaintiff is a member of the protected class. It is unclear whether the plaintiff claims discrimination based on her application for a clerical position, her application for a position as a cook, or both. The plaintiff's Complaint contains an attached Application for Employment, where the plaintiff states that her desired employment is "any position billing - switchboard - check-in - check-out" [Doc. 1-1 at 1]. The Complaint further claims that the plaintiff "applied numerous times since 1991", but was not hired by the defendant [Id. at 3]. The plaintiff does not claim discrimination based on not being hired for the position of a cook, but the defendant claims that the plaintiff was interviewed for such a position and was not hired. The plaintiff is unable to maintain a cause of action for discrimination based on either claim.

### 1. Clerical Position

There is little information from either party regarding the alleged discrimination in hiring for a clerical position. The Court understands the plaintiff's response to the motion

for summary judgment to allege that the plaintiff applied for a clerical position, had an interview for the position, but was not hired due to the cancellation of an unknown program [Doc. 65]. The plaintiff's response seems to claim that the defendant hires individuals for positions at the Women's Clinic at Weirton Medical Center [Id. at 5]. The plaintiff further seems to state that around June 2009, there was an intake-outtake clerk position available [Id.]. The plaintiff claims that she had an interview for a clerical position, and "was told [that the] program [was] cancelled." [Id.]. The plaintiff further states that Caucasians were hired who had less experience and other minorities were hired with no experience or a G.E.D. [Id.]. Such conclusory statements, without any evidence that the plaintiff was qualified for the clerical position and that she was rejected under circumstances giving rise to an inference of unlawful discrimination, cannot sustain a claim for discriminatory hiring.

### 2. Cook Position

Although the plaintiff makes no mention of applying for, or being rejected for, a position as a cook. However, the defendant states that through the course of discovery, the defendant determined that the plaintiff interviewed for an opening as a cook [Doc. 57-1 at 4]. The defendant further states that the plaintiff was not hired for this position [Id.]. The defendant submitted an affidavit from Judy Ravcaux, Chief Executive Officer of Change, Inc., which states that an open cook position in 2009 was filled by Sandra Wilson, an African American female [Doc. 60]. Upon Ms. Wilson's retirement, according to the affidavit, the position was filled by Veronica Wilson, also an African American female [Id.]. The plaintiff's response to the motion for summary judgment states that her claim "has nothing to do with cooks [sic] position" [Doc. 65 at 1]. As such, the issue of the position as a cook with Change, Inc. does not give rise to an inference of unlawful discrimination.

### B. Plaintiff Lacks Standing to Assert a Title VII Claim on Behalf of Others

The plaintiff's response includes a letter from Carla Davis. Ms. Davis's letter states that she applied for a driver position with the defendant, but was not hired despite years of relevant experience [Doc. 65-9 at 1]. A plaintiff may not assert a Title VII claim for discrimination on behalf of other employees. ***Childress v. City of Richmond***, 134 F.3d 1205, 1209 (4th Cir.1998). It is unclear to the Court whether the plaintiff is attempting to assert claims on behalf of the other individuals, or offering these allegations as evidence of discriminatory conduct. To the extent that the plaintiff is asserting discrimination on behalf of other individuals, the plaintiff lacks standing.

### C. Racial Epithets on Bus

The plaintiff claims that the defendant exhibited discrimination by owning a vehicle called the "Buckwheat Express." The defendant claims that it did operate a bus which displayed the name "Buckwheat Express," but that the vehicle was previously part of the Buckwheat Express bus line [Doc. 57-1 at 8–9]. The bus line, according to the defendant, is owned and operated by the Preston County Senior Citizens, Inc., in Preston County, West Virginia [Id.]. The defendant claims that the name was clearly associated with the Preston County bus line, and was not intended to discriminate against the plaintiff or any other individual [Id.].

The plaintiff's reply states that even if the bus was purchased from another company, that the defendant painted over half of the bus, leaving the Buckwheat Express logo name on the side [Doc. 65].

In addition to the issue as to whether the plaintiff has standing to assert the claim, the Court finds that the allegations are not actionable and the claim should be dismissed

as a matter of law.

## CONCLUSION

For the reasons above, this court finds that plaintiff has failed to establish a *prima facie* case of Title VII race discrimination by a preponderance of the evidence.

Accordingly, this Court hereby **GRANTS** the defendant's Motion for Summary Judgment **[Doc. 57]**. The case is hereby **DISMISSED WITH PREJUDICE** and the matter dropped from the active docket of the Court. Accordingly, the plaintiff's pending Motion for Additional Mediation **[Doc. 63]**, is hereby **DENIED AS MOOT**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein and mail a copy to the *pro se* plaintiff.

**DATED:** October 9, 2013.

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE